# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| JACQUELINE GREAUX | : |
| | : |
| DEBTOR | : BANKRUPTCY NO. 14-12441 SR |
| | : |

# OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

## Introduction

Before the Court is a pleading entlted "Motion/Pleading to Deny Discharge." By way of it the filer, Tristan Mermin, seeks to except a certain debt from the above Debtor's Discharge. The Debtor has filed a Reply and Objection to this pleading. For the reasons which follow, the Objection to Discharge will be dismissed and an Order will be entered in favor of the Debtor with respect to the dischargeability of the debt in question.[1]

## Background

Prior to filing this bankruptcy case, the Debtor and Tristan Mermin, her ex-husband, were involved in a protracted divorce proceeding. In the course of that case, the Debtor was found to have engaged in abusive litigation tactics. As a consequence, a state court sanctioned her approximately $175,000, a figure representing the legal fees incurred by Mr. Mermin in the litigation.

---

[1] Despite its more expansive title, the pleading does not seek to deny the Debtor a discharge altogether; rather, it seeks to except from discharge a particular debt which the Debtor owes to Mr.Mermin, her ex-husband. Such a proceeding is within this Court's core jurisdiction. *See* 28 U.S.C. § 157(b)(2)(I) (listing among "core" proceedings determinations of dischargeability of debts).

On March 31, 2014, the Debtor commenced this case under Chapter 7. On April 15, 2014 the Clerk of the Bankruptcy Court notified creditors of the filing and informed them of the deadline (July 8, 2014) for challenging the dischargeability of certain debts. Within the required time period, Mr. Mermin, through counsel, filed a complaint to determine the dischargeability of the afore-described legal fees. The grounds for non-dischargeability raised by Mr. Mermin were two-fold: first, that his claim arose out of a domestic support obligation, and second, that it was incurred as part of a divorce proceeding.[2] On September 10, 2014 the adversary action was dismissed by agreement of the parties pursuant to a written stipulation.

That same day the Debtor's case was converted to Chapter 13. On September 26, 2014, the Court Clerk notified creditors of the conversion, as well as the new deadline to challenge the dischargeability of certain debts. The new deadline was December 23, 2014. Notice of the same was served upon Mr. Mermin and his counsel. There is no dispute as to this fact. This time Mr. Mermin did not file a complaint seeking non-dischargeability of his claim for legal fees. Neither did he seek an extension of the time within which to file such an action.

On December 29, 2015, the Clerk notified creditors that the Chapter 13 Trustee had filed his final report and account. That made the case ripe for the entry of a discharge order and, unless a party in interest objected to the same, or sought a delay of discharge pursuant to § 1328(h),[3] the Debtor would receive her discharge. Objections

---

[2] See 11 U.S.C. § 523(a)(5) and (a)(15).
[3] This provision denies a discharge to a debtor attempting to exempt homestead property in amount greater than $160,375, where the debtor has been convicted of certain criminal conduct, or owes a debt arising from a violation of securities law, racketeering law, or any criminal act, intentional tort, or reckless act that causes serious physical injury within the preceding 5 years. It is not implicated here.

2

to discharge were required to be filed on or before January 28, 2016.

Two days before the deadline Mr. Mermin filed a *pro se* letter in which he expressed his objection to the Debtor's discharge. This objection pertained to the same legal fees previously challenged by Mr. Mermin. However, as noted, that former and timely challenge was abandoned. In any event, the Debtor filed a reply to Mr. Mermin's pleading and a hearing on the matter was held on February 24, 2016. At that hearing, the Court gave Mr. Mermin 30 days to file a formal pleading with respect to his position.[4] Before the 30 day deadline expired, Mr. Mermin requested an extension of time to file a pleading. The Court granted the request and extended the due date until April 22, 2016. Mr. Mermin filed the instant "Motion/Pleading" with respect to his legal fees on the day prior to the deadline. On May 9, the Court convened a telephone conference during which the parties were informed that the Court would decide how it would proceed after receipt of any reply which the Debtor chose to file in response to Mr. Mermin's pleading. On May 31, the Debtor filed a reply to Mr. Mermin's request, as well as an objection of her own. Having considered these submissions, the Court will rule based on the pleadings. There is no need for further proceedings because the legal result compelled is clear on the face of the record before the Court.

**Statutory Authority**

Mr. Mermin's request for a determination of dischargeability of a particular debt is based on Bankruptcy Code § 523(a)(4). That subparagraph excepts from discharge "any debt -… for fraud or defalcation while acting in a fiduciary capacity, embezzlement,

---

[4] A challenge to the dischargeability of a debt must be made by adversary proceeding. *See* B.R. 7001(6)

or larceny." 11 U.S.C. § 523(a)(4). For a claim to survive discharge under subsection (a)(4), a creditor must take affirmative action. *See* 11 U.S.C. § 523(c)(1)(requiring the creditor holding a claim of the kind specified in § 523(a)(4) to request that its claim be declared non-dischargeable). Of paramount importance, such action action must be taken in a timely fashion. Bankruptcy Rule 4007 sets forth the prescribed period of time:

> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

B.R. 4007(c). The time limitation fixed in this rule is strictly construed.[5] Indeed, it was once considered by various court to be jurisdictional. Since the Supreme Court's opinion in *Kontrick v. Ryan*, 540 U.S. 443, 454, 124 S.Ct. 906 (2004), however, the time constraints are considered "claim-processing rules" subject to principles of equitable tolling. *See In re Weinberg*, 197 Fed.Appx. 182, 184 (3d Cir. 2006) (discussing Rule 4007(c) in light of *Kontrick*)

**Timeliness**

The Debtor challenges the timeliness of Mr. Mermin's request for a declaration of nondischargeability. According to the notice issued by the Clerk of Court, the deadline for creditors to seek non-dischargeability of their claims in the Debtor's Chapter 13 case was December 23, 2014. To reiterate, the record reflects that Mr. Mermin and his counsel were properly served with a copy of that notice. Notwithstanding, no pleading

---

[5] *See: In re Rowland*, 275 B.R. 209, 216 (Bankr. E.D. Pa. 2002); and *Dalembert v. Pendergrass (In re Pendergrass)*, 376 B.R. 473, 477 (Bankr. E.D. Pa. 2007)

4

was filed by the deadline, nor was there any request for an extension of the deadline.

Over one year later Mr. Mermin first raised the present nondischargeability claim as to his legal fees. He has offered <u>no</u> excuse or explanation as to why he did not timely raise his fiduciary fraud claim. Of significance, Mr. Mermin's Objection is not based on any new facts, underscoring that he had ample opportunity to bring the claim in a timely fashion. The delay in raising the claim until almost 16 months after the deadline has passed is dispositive. While Mr. Mermin did file a timely letter objection to the December 29, 2015 Notice from the Clerk's Office with respect to the filing of the Chapter 13 Trustee's Final Account, that letter is of no moment and has no effect on the outcome of this dispute. The September 26, 2014 Notice is controlling for present purposes. There is no authority for the proposition that a Notice concerning the completion of the Debtor's Chapter 13 plan and the prospective entry of the Debtor's discharge supersedes Bankruptcy Rule 4007, or creates an entirely new time period within which to initiate dischargeability litigation of the sort governed by Rule 4007. Mr. Mermin's Motion/Pleading to Deny Discharge must accordingly be denied as untimely.[6]

An appropriate Order follows.

By the Court:

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: <u>June 15, 2016</u>

---

[6] This ruling renders moot the Debtor's alternative argument that the substantive basis of Mr. Mermin's objection fails under § 523(a)(4).